## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN VAZQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CENTRAL FALLS DETENTION FACILITY CORPORATION a/k/a THE DONALD W. WYATT DETENTION FACILITY; DANIEL MARTIN,<br><br>        Defendants. | Civil Action No. 1:22-cv-00438<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Steven Vazquez, through his undersigned counsel, hereby brings this Complaint against his former employer ("Wyatt") based upon Wyatt's discriminatory termination of Mr. Vazquez due to his disability and Wyatt's failure to provide Mr. Vazquez with reasonable accommodations. In addition, Mr. Vazquez brings this Complaint against Wyatt and Daniel Martin (collectively, the "Defendants") for their violations of the state and federal Family and Medical Leave Acts including their retaliation against Mr. Vazquez and their unlawful interference with, restraint, and denial of his exercise of his leave rights. As a result, Mr. Vazquez has suffered severe emotional distress and other compensatory damages, lost wages and benefits, and lost future wages and benefits. In support of this complaint, Mr. Vazquez avers as follows:

### Parties

1. Mr. Vazquez is a citizen of Rhode Island.

2. Wyatt is a Rhode Island corporation with a principal place of business located at 950 High Street, Central Falls, RI 02863. Wyatt is a privately operated federal detention center.

3. Mr. Martin is an individual and, upon information and belief, a resident of the state of Connecticut. Mr. Martin is the Warden of Wyatt.

## Facts

4. Mr. Vazquez began working for Wyatt on July 2, 2018 as a Correctional Officer.

5. During his three years working for Wyatt, Mr. Vazquez's performance was excellent, as evidenced by his three annual performance reviews and a Commendation he received in September of 2020.

6. Unfortunately, on June 16, 2021, Mr. Vazquez (an otherwise healthy twenty-eight-year-old man) suffered from a severe stroke that left him unable to speak or otherwise communicate.

7. He immediately sought leave pursuant to the FMLA and RIFMLA which was ultimately granted. His medical leave was alleged to run out on September 15, 2021.

8. On September 9, 2021, Mr. Vazquez sought, as a reasonable accommodation, an extension of his medical leave until November 30, 2021 and provided Wyatt with a doctor's note excusing him from work until that date due to the ongoing effects of his stroke. The doctor also noted that upon his return to work, Mr. Vazquez would need light duty for a period of time until he was fully recovered from his stroke.

9. That same day, Leslie Jacobo, Wyatt's Human Resources Director, emailed Mr. Vazquez that Wyatt was unwilling to extend his leave.

10. Mr. Vazquez requested reconsideration in light of the extent of his health issue and asked to speak with Mr. Martin personally about his situation.

11. Ms. Jacobo explained that she did not make the decision but was "just following the rules and regulations of the law and Wyatt's policy," and promised to pass his concern on to Mr. Martin.

12. Mr. Vazquez then requested a copy of whatever policy Ms. Jacobo was referencing.

13. The following day, September 10, 2021 (five days before Mr. Vazquez's FMLA leave purportedly expired), Ms. Jacobo emailed Mr. Vazquez a link to the U.S. Department of Labor Wage and Hour Division's FMLA website and a Notice of Pre-Deprivation Hearing, noting that Wyatt's "policy is quoted on the letter attached."

14. The Notice of Pre-Deprivation Hearing advised Mr. Vazquez of a September 20, 2021 pre-deprivation hearing to determine whether Mr. Vazquez would be terminated for exhausting his FMLA leave on September 15, 2021. The hearing was later rescheduled to September 17, 2021.

15. On September 15, 2021, Mr. Vazquez emailed Ms. Jacobo requesting a "reasonable accommodations form for disabilities" and that he would have his "doctor fill it out immediately."

16. That evening, Ms. Jacobo responded that "[d]ue to FMLA we do not have this accommodations [sic]."

17. Despite this admission of an unlawful Wyatt policy (to even refuse to consider an extension of FMLA leave as a reasonable accommodation), the following day, Mr. Vazquez emailed Ms. Jacobo a "Reasonable Accommodation Request Form" he had downloaded

from the Job Accommodation Network and advised her that his "doctor is in the process of filling out the medical inquiry form." In the Reasonable Accommodation Request Form, Mr. Vazquez specifically requested "an extension of FMLA leave accommodation." He then emailed her again stating that his doctor would be listing November 30, 2021 as his return to work date in the medical inquiry form.

18. The following day, Wyatt held the Pre-Deprivation Hearing with Ms. Jacobo, Mr. Vazquez, and Attorney Timothy Duggan. At the hearing, Mr. Vazquez was not allowed to have his lone witness and personal representative attend or otherwise participate. This individual's presence was necessary in light of Mr. Vazquez's difficulty in communicating due to his stroke.

19. With Wyatt's approval, Mr. Vazquez audio-recorded the hearing.

20. During the hearing, Ms. Jacobo made two important admissions.

21. First, she noted that Wyatt was not extending FMLA leave for any employees <u>as a matter of general policy</u> due to concerns regarding abuse of medical leave by <u>other</u> Wyatt employees.

22. Second, she stated that Wyatt was refusing, <u>as a matter of general policy</u>, to allow any employees to return to work with any limitations.

23. Attorney Duggan quickly and accurately pointed out that a blanket prohibition against certain reasonable accommodations and a failure to conduct an individualized inquiry into Mr. Vazquez's disability and request for accommodation were unlawful.

24. Ms. Jacobo then stated that she would have Mr. Martin review the request for an accommodation and a decision on the Pre-Deprivation hearing would be issued.

25. Soon after the hearing, Mr. Vazquez's personal representative emailed Ms. Jacobo, complaining about Wyatt's blanket policy of refusing to reasonably extend officers' FMLA leaves. Ms. Jacobo did not respond.

26. On September 29, 2021, Mr. Martin sent a letter to Mr. Vazquez terminating him effective September 15, 2021 "due to exhausting your weeks under FMLA and Rhode Island Family Medical Leave Act." In the letter, Mr. Martin said he "took your request inconsideration [sic], however your request cannot be granted."

27. Mr. Martin then claimed Wyatt "did extend your FMLA, but do not have a specific date to return to work full duty."

28. Mr. Martin failed to address whether Wyatt considered his request for light duty and why such a request was unreasonable or would cause the Wyatt any hardship.

29. He also failed at any point to request any additional information concerning when Mr. Vazquez would be released to full duty work.

30. He ended the letter by asking Mr. Vazquez to apply for his job "once you have recovered and can return to work full duty without restrictions."

31. On October 4, 2021, Ms. Jacobo emailed Mr. Vazquez asking if he would be able to return on November 30, 2021 "to full duty." Mr. Vazquez responded minutes later explaining he would be reevaluated on that day but he would not be able to return to "full duty."

32. The following day, Mr. Vazquez's union filed a grievance based upon Wyatt's refusal to extend FMLA and otherwise accommodate his disability.

33. On November 30, 2021, Mr. Vazquez emailed Ms. Jacobo a new doctor's note stating that he could resume work immediately but for the next "1-2 months," he could work for 30 hours per week, in light duty positions, during daytime hours ("prior to 8 p.m.").

34. In the email, Ms. Vazquez also noted that after those 1-2 months, he would be able to work full time again.

35. Ms. Jacobo replied that said she would have Mr. Martin review and consider this request.

36. Mr. Vazquez continued to follow-up in emails with Ms. Jacobo regarding the status of his request to return to work.

37. On December 3, 2021, Ms. Jacobo told him that she had spoken with Mr. Martin who purportedly told her he would let her know his thoughts "later" and, later that afternoon, emailed Mr. Vazquez that the request was still "pending a decision."

38. On December 10, 2021, Mr. Vazquez found a job opening at Wyatt for a Visitation Officer that had been posted on December 7, 2021. The hours and job duties of this position would have been perfect for Mr. Vazquez in light of his job restrictions.

39. As such, he emailed the job posting to Ms. Jacobo and stated that this job "would accommodate my needs perfectly given the times and nature of the work."

40. Less than an hour later, Ms. Jacobo emailed Mr. Vazquez that Wyatt "cannot accommodate your request." She failed to provide any rationale for this decision or explain how she was able to reach a decision on such a request in less than an hour.

41. Mr. Vazquez's health condition constituted a disability under the ADA, FEPA, RICRA, and CRPDA.

42. Mr. Vazquez's health issues substantially limited several major life activities including his ability to work, move, lift, or speak.

43. In fact, although Mr. Vazquez has been cleared to return to work and is fully capable of handling his duties as a Correctional Officer, he still suffers from various

symptoms associated with his stroke. It is likely that several major life activities will be substantially limited for the remainder of his life.

44. In the alternative, Defendants regarded Mr. Vazquez as having a disability when it terminated him.

45. The approval of a short-term extension of medical leave pursuant to the FMLA and the RIFMLA constitutes a reasonable accommodation.

46. Defendants had an obligation upon learning of Mr. Vazquez's disability to engage in a meaningful dialogue with him to find the best means of accommodating that disability.

47. Rather than engage in any such meaningful dialogue, Wyatt apparently utilizes a general policy of refusing to extend medical leaves beyond the 12 weeks provided by the FMLA.

48. Wyatt, through Ms. Jacobo, admitted that this policy was implemented due to several employees "abusing" the FMLA.

49. As such, this policy constitutes a form of retaliation against all employees who are forced to exercise their rights under the FMLA and RIFMLA.

50. In addition, Wyatt utilizes a general policy of refusing to provide any employees with "light duty" or other similar reasonable accommodations.

51. Based on these two policies, Wyatt refuses, and in this case refused, to conduct any individualized review of the specific facts and circumstances of its disabled employees.

52. Wyatt would not have suffered any undue hardships if they had simply held open, or temporarily filled, Mr. Vazquez's position as a Correction Officer while he was out of work on medical leave.

53. Moreover, Mr. Vazquez identified an open position for which he was qualified that would have satisfied the conditions for his reasonable accommodation request.

54. Wyatt rejected this request within an hour without any analysis whatsoever. Given the fact that Wyatt was hiring for this position and that Mr. Vazquez was qualified for the position, this request could not have constituted an undue hardship on Wyatt.

55. Wyatt also failed to engage in any discussions regarding any other potential reasonable accommodations.

56. Due to Wyatt's termination of Mr. Vazquez and refusal to grant him several requested reasonable accommodations, Mr. Vazquez has suffered damages including loss of pay, loss of benefits, medical bills, emotional distress, and humiliation.

57. Due to his termination, Mr. Vazquez lost his healthcare and therefore has been unable to get the medical care his disability demands.

58. The actions by Defendants as detailed herein were arbitrary, unreasonable, tortious, willful, wanton, reckless and in bad faith.

59. On April 18, 2022, Mr. Vazquez filed a written charge of discrimination against Wyatt (the "RICHR Complaint") with the Rhode Island Commission for Human Rights (the "Commission"). The Commission filed the RICHR Complaint with the United States Equal Employment Opportunity Commission (the "EEOC").

60. On November 14, 2022, the Commission issued a notice of right to sue (the "RICHR Notice of Right to Sue") terminating the proceedings before the Commission and

authorizing Mr. Vazquez to file suit under state law.

61. On November 22, 2022, the EEOC issued a dismissal and notice of rights (the "EEOC Dismissal") terminating the proceedings before the EEOC and authorizing Mr. Vazquez to file suit under federal law.

### COUNT I
### (Fair Employment Practices Act – R.I. Gen. Laws § 28-5-1, *et seq*.)
### (Against Wyatt)

62. Mr. Vazquez repeats and realleges Paragraphs 1-61 as if set forth in full herein.

63. Mr. Vazquez is an employee as that term is defined by R.I. Gen. Laws § 28-5-6.

64. Wyatt is an employer as that term is defined by R.I. Gen. Laws § 28-5-6.

65. Mr. Vazquez suffered from a disability as that term is defined by R.I. Gen. Laws §§ 28-5-6 and 42-87-1.

66. Mr. Vazquez was also regarded as having a disability by Wyatt as that phrase is defined by R.I. Gen. Laws § 42-87-1.

67. It was an unlawful employment practice for Wyatt to terminate Mr. Vazquez because of his disability or because it regarded him as having a disability.

68. It was an unlawful employment practice for Wyatt to violate its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Mr. Vazquez in order for him to maintain his employment.

69. It was an unlawful employment practice for Wyatt to wrongfully refuse to accept Mr. Vazquez's request for extended leave as a reasonable accommodation.

70. It was an unlawful employment practice for Wyatt to wrongfully refuse to transfer or hire Mr. Vazquez to serve as a Visitation Officer as a reasonable accommodation

71. It was an unlawful employment practice for Wyatt to implement and apply a general policy of refusing to extend employees' medical leaves as a reasonable accommodation without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

72. It was an unlawful employment practice for Wyatt to implement and apply a general policy of refusing to allow employees to return to light duty work without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

73. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

## COUNT II
### (Civil Rights of People with Disabilities – R.I. Gen. Laws § 42-87-1, et seq.)
### (Against Wyatt)

74. Mr. Vazquez repeats and realleges Paragraphs 1-73 as if set forth in full herein.

75. Mr. Vazquez suffered from a disability as that term is defined by R.I. Gen. Laws § 42-87-1.

76. Mr. Vazquez was also regarded as having a disability by Wyatt as that phrase is defined by R.I. Gen. Laws § 42-87-1.

77. Wyatt terminated Mr. Vazquez and otherwise discriminated against him because of his disability and/or because it regarded him as having a disability.

78. Wyatt failed to satisfy its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Mr. Vazquez in order for him to maintain his employment.

79. Wyatt unlawfully refused to accept Mr. Vazquez's request for extended leave as a reasonable accommodation.

80. Wyatt unlawfully refused to transfer or hire Mr. Vazquez to serve as a Visitation Officer as a reasonable accommodation

81. Wyatt unlawfully implemented and applied a general policy of refusing to extend employees' medical leaves as a reasonable accommodation without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

82. Wyatt unlawfully implemented and applied a general policy of refusing to allow employees to return to light duty work without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

83. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

**COUNT III**
**(Americans with Disabilities Act - 42 U.S.C. § 12101, *et seq*.)**
**(Against Wyatt)**

84. Mr. Vazquez repeats and realleges Paragraphs 1-83 as if set forth in full herein.

85. Mr. Vazquez suffered from a disability as that term is defined by 42 U.S.C. § 12102.

86. Mr. Vazquez was also regarded as having a disability by Wyatt as that phrase is defined by 42 U.S.C. § 12102.

87. Wyatt terminated Mr. Vazquez and otherwise discriminated against him because of his disability and/or because it regarded him as having a disability.

88. Wyatt failed to satisfy its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Mr. Vazquez in order for him to maintain his employment.

89. Wyatt unlawfully refused to accept Mr. Vazquez's request for extended leave as a reasonable accommodation.

90. Wyatt unlawfully refused to transfer or hire Mr. Vazquez to serve as a Visitation Officer as a reasonable accommodation

91. Wyatt unlawfully implemented and applied a general policy of refusing to extend employees' medical leaves as a reasonable accommodation without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

92. Wyatt unlawfully implemented and applied a general policy of refusing to allow employees to return to light duty work without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

93. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

## COUNT IV
## (RI Civil Rights Act of 1990 – R.I. Gen. Laws § 42-112-2)
## (Against Wyatt)

94. Mr. Vazquez repeats and realleges Paragraphs 1-93 as if set forth in full herein.

95. Mr. Vazquez suffers from a disability as that term is defined by R.I. Gen. Laws §§ 42-112-1 and 42-87-1.

96. Mr. Vazquez was also regarded as having a disability by Wyatt as that phrase is defined by R.I. Gen. Laws § 42-87-1.

97. Wyatt terminated Mr. Vazquez and otherwise discriminated against him because of his disability and/or because it regarded him as having a disability.

98. Wyatt failed to satisfy their duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Mr. Vazquez in order for him to maintain his employment.

99. Wyatt unlawfully refused to accept Mr. Vazquez's request for extended leave as a reasonable accommodation.

100. Wyatt unlawfully refused to transfer or hire Mr. Vazquez to serve as a Visitation Officer as a reasonable accommodation

101. Wyatt unlawfully implemented and applied a general policy of refusing to extend employees' medical leaves as a reasonable accommodation without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships.

102. Wyatt unlawfully implemented and applied a general policy of refusing to allow employees to return to light duty work without any individualized review of the facts and circumstances concerning the employee's disability and any relevant hardships..

103. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

## COUNT V
### (Family and Medical Leave Act – 29 U.S.C. § 2615(a)(1))
### (Against All Defendants)

104. Mr. Vazquez repeats and realleges Paragraphs 1-103 as if set forth in full herein.

105. Defendants are engaged in commerce or in an industry affecting commerce.

106. Defendants employ, and have employed, more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current and preceding calendar year.

107. Mr. Vazquez had been employed for at least twelve (12) months by Defendants and for at least 1,250 hours of service with Defendants during the previous 12-month period.

108. Mr. Martin is the Warden of the Wyatt.

109. Mr. Martin acted, directly and indirectly, in the interest of Wyatt to Mr. Vazquez.

110. Mr. Martin has and had the power to hire and fire the employees, supervised and controlled Mr. Vazquez's work schedules and conditions of employment;

determined the rate and method of payment; maintained employment records, and had personal responsibility for making decisions related to Mr. Vazquez's FMLA leave.

111. Mr. Martin made all decisions related to Mr. Vazquez's FMLA leave and the termination of his employment.

112. Mr. Martin made all decisions regarding extended leave and light duty policies including the application of those policies to Mr. Vazquez.

113. From June of 2021 through September of 2021, Mr. Vazquez exercised his right to medial leave pursuant to the FMLA.

114. Defendants terminated Mr. Vazquez before he returned to work as retaliation for him having exercised his rights.

115. The actions of Defendants in terminating Mr. Vazquez, refusing his requests for extended leave and light duty work, and refusing to transfer or hire Mr. Vazquez to serve as a Visitation Officer while he was on leave constituted retaliation because of, and interference with, restraint against, and denial of, his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

116. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

## COUNT VI
### (RI Parental and Family Medical Leave Act – R.I. Gen. Laws § 28-48-1, *et seq.*)
### (Against All Defendants)

117. Mr. Vazquez repeats and realleges Paragraphs 1-116 as if set forth in full herein.

118. Mr. Vazquez is an "employee" as that term is defined by and interpreted under R.I. Gen. Laws § 28-48-1(2).

119. Defendants are "employers" as that term is defined by and interpreted under R.I. Gen. Laws § 28-48-1(3).

120. Defendants employ, and have employed, more than fifty (50) employees.

121. Mr. Vazquez had been employed for at least twelve (12) consecutive months by Defendants and worked more than thirty (30) hours per week.

122. Mr. Martin is the Warden of the Wyatt.

123. Mr. Martin acted, directly and indirectly, in the interest of Wyatt to Mr. Vazquez.

124. Mr. Martin has and had the power to hire and fire the employees, supervised and controlled Mr. Vazquez's work schedules and conditions of employment; determined the rate and method of payment; maintained employment records, and had personal responsibility for making decisions related to Mr. Vazquez's RIFMLA leave.

125. Mr. Martin made all decisions related to Mr. Vazquez's RIFMLA leave and the termination of his employment.

126. Mr. Martin made all decisions regarding extended leave and light duty policies including the application of those policies to Mr. Vazquez.

127. From June of 2021 through September of 2021, Mr. Vazquez exercised his right to medial leave pursuant to the RIFMLA.

128. Defendants terminated Mr. Vazquez before he returned to work as retaliation for him having exercised his rights.

129. The actions of Defendants in terminating Mr. Vazquez, refusing his requests for extended leave and light duty work, and refusing to transfer or hire Mr. Vazquez to serve as a Visitation Officer while he was on leave constituted retaliation because of, and

interference with, restraint against, and denial of, his rights under the RIFMLA in violation of R.I. Gen. Laws § 28-48-5(a)-(b).

130. As a result of these violations of law as described herein, Mr. Vazquez has suffered and continues to suffer damages.

WHEREFORE Plaintiff Steven Vazquez prays for judgment against the Defendants including: an award of actual, compensatory, equitable, punitive, and liquidated damages in an amount to be set by the jury; attorneys' fees and costs; interest thereon; and such other and further relief as to the Court seems meet and just.

STEVEN VAZQUEZ

By His Attorney,

ENRIGHT LAW LLC

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED: December 14, 2022